# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR43 |
| Plaintiff, | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| OSCAR HERRERA, | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 137). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant pleaded guilty to Count II of the Indictment, charging him with possessing pseudoephedrine with intent to manufacture actual methamphetamine, in violation of 21 U.S.C. §§ 841(c)(1) and 846. The plea agreement provides that the government will move to dismiss Count I, charging conspiracy to attempt to manufacture or manufacture actual methamphetamine, at sentencing. The plea agreement reached under Federal Rule of Criminal Procedure 11(c)(1)(B), specified the following recommendations: drug quantity and a corresponding base offense level of 26; no role adjustment under U.S.S.G. §§ 3B1.1 or 3B1.2; an additional level for acceptance of responsibility under U.S.S.G. § 3E1.1(b); and the government's recommendation, assuming the Defendant meets certain prerequisites, for a 2-level decrease for the safety valve under U.S.S.G. § 2D1.1(b)(11). Therefore, the plea agreement contemplates a total offense level of 21, which would result in a sentencing guideline range of 37-46 months.

In reaching the plea agreement, the parties apparently assumed that the sentencing guideline calculation would fall under U.S.S.G. § 2D1.1.[1]

However, the PSR calculates the sentencing guideline range under U.S.S.G. § 2D1.11. Under Appendix A to the sentencing guidelines, the application of § 2D1.11 is correct. The PSR's guideline calculation: begins with base offense level 26; adds 2 levels under U.S.S.G. § 2D1.11(b)(3)(B) for the unlawful transportation, treatment, storage, or disposal of a hazardous waste; applies a 3-level reduction for acceptance of responsibility; and results in a total offense level of 25 and a sentencing guideline range of 57-71 months. As the probation officer noted in the Addendum to the PSR, the safety valve does not apply under § 2D1.11.

The Defendant objects to the sentencing guideline calculation in ¶¶ 42-52 of the PSR, requesting that the Court approve the plea agreement and sentence the Defendant under § 2D1.1, apply the safety valve, and sentence at the low end of the guideline range at 37 months.

The Court declines at this time to alter the sentencing guideline calculation in the PSR, as it appears to be correct. However, the Court will discuss the objections and the Defendant's request for a sentence of 37 months at sentencing.

IT IS ORDERED:

1. The Defendant's objections to ¶¶ 42-52 of the PSR are held in abeyance;

---

[1]Defense counsel represents the parties contemplated a calculation under § 2D1.1. The record, including the plea agreement and the change of plea colloquy, support this statement. Both parties, as well as the Court, clearly anticipated the potential application of the safety valve, which cannot apply under § 2D1.11. The Court notes that codefendants are all proceeding under § 2D1.11, and the precise issue regarding the nonapplication of the safety valve under § 2D1.11, has not arisen in the other cases.

2. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

3. Absent submission of the information required by paragraph 2 of this Order, my tentative findings may become final; and

4. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 21st day of September, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge